**COUNTY BOARD OF EQUALIZATION OF SALT LAKE COUNTY, State of Utah, Petitioner,**

v.

**TAX COMMISSION of the State of Utah ex rel. SCHNEITER ENTERPRISES, LTD., Respondent.**

No. 940064.

Supreme Court of Utah.

Feb. 23, 1995.

David E. Yocom, Bill Thomas Peters, Salt Lake City, for Bd. of Equalization.

Jan Graham, Atty. Gen., Brian L. Tarbet, John C. McCarrey, Asst. Attys. Gen., Salt Lake City, for Tax Com'n.

Donald F. Dalton, Salt Lake City, for Schneiter Enterprises.

DURHAM, Justice:

The Salt Lake County Board of Equalization (Board) seeks review of the Utah State Tax Commission's (Commission) ruling on the valuation of private property owned by Schneiter Enterprises, Ltd. (Schneiter). The

Commission held that the assessment of Schneiter's property at a higher value was beyond its scope of review absent notice to Schneiter of the intended increase. The Commission refused to consider the Board's evidence reflecting an increased property valuation and affirmed the Board's previous assessment. We summarily reversed and remanded this case pursuant to rule 31 of the Utah Rules of Appellate Procedure on September 9, 1994. To clarify the law for the benefit of practitioners before the Commission, however, we now issue the following opinion outlining the basis for our holding.

Schneiter is the owner of two parcels of property located in Salt Lake County. Parcel No. 1 consists of approximately 38.92 acres and contains a nine-hole executive golf course and a small club house. Parcel No. 2 consists of approximately 41.0663 acres of unimproved land.

For the 1990 tax year, the Salt Lake County assessor originally valued parcel No. 1 at $1,006,300 and parcel No. 2 at $954,100. Schneiter petitioned for a hearing before the Board to appeal the assessment. At that hearing, the Board sustained the assessor's valuation of both parcels. Schneiter then appealed to the Commission. In response to Schneiter's appeal, the Board sought a reaffirmation of the Board's previous decision. At the Commission's formal de novo hearing, the Board presented a comprehensive appraisal of both parcels reflecting a total property value of $2,100,000, or $139,600 higher than the Board's original assessment. Schneiter submitted evidence that the property value was no more than $1,999,658 when based on a comparable sales approach.

The Commission agreed with the Board's previous assessment and found Schneiter's property value to be $1,006,300 for parcel No. 1 and $954,100 for parcel No. 2. The Commission also noted that the Board's new appraisal could only serve as corroborative evidence in support of the previous assessment because the Board failed to put Schneiter on notice that it sought to increase the assessment. The Board petitioned for a writ of review of the Commission's decision.

When reviewing a formal proceeding of the Commission, the reviewing court will "grant the Commission deference concerning its written findings of fact, applying a substantial evidence standard on review." Utah Code Ann. § 59-1-610(1)(a) (Supp.1994). Accordingly, this court will uphold the Commission's written findings of fact if they are supported by substantial evidence. However, the court, applying a correction-of-error standard, will grant no deference to conclusions of law. Utah Code Ann. § 59-1-610(1)(b) (Supp.1994); *Miller Welding Supply, Inc. v. Utah State Tax Comm'n,* 860 P.2d 361, 362 (Utah Ct.App.1993).

■ At issue in this case is the Commission's scope of review in evaluating the Board's assessments of private property. In a formal hearing, the Commission found that it was beyond its scope of review to increase Schneiter's property value to the amount supported by the Board's new appraisal. The Commission reasoned that because the Board failed to give Schneiter notice of the possible increase, the Commission lacked the authority to increase Schneiter's property assessment. This reasoning, however, is incorrect.

The Commission has the authority to review the Board's decisions. Utah Code Ann. § 59-2-1006(3). In its review, the Commission may "admit additional evidence[,] issue orders that it considers to be just and proper[,] and make any correction or change in the assessment or order of the ... board." *Id.* In this case, the Commission incorrectly limited its consideration of the Board's new appraisal. This new appraisal was additional evidence, and consideration thereof was within the Commission's scope of review. By limiting its consideration of the appraisal and treating it only as corroborative evidence of the Board's previous assessment, the Commission was in error.

■ Furthermore, a taxpayer challenging assessed property taxes cannot prescribe the scope of the Commission's review. *Kennecott Corp. v. Salt Lake County,* 702 P.2d 451, 456 (Utah 1985); *see also Hercules, Inc. v. Utah State Tax Comm'n,* 242 49, 52, 877 P.2d 169, 175 (Ct.App.1994) (holding that challenge to assessment of portion of property does not preclude review of unchallenged

**1230**

portions of property). In *Kennecott*, Kennecott claimed that because the Commission used an unconstitutional valuation method in assessing its mining claims, Kennecott's property taxes were illegally increased. The *Kennecott* court found that equitable principles prevented Kennecott from claiming that the court may address only the issue of whether Kennecott's property taxes were too high, not whether they were too low. *Kennecott*, 702 P.2d at 456. Accordingly, once Schneiter appealed its property valuation to the Commission, the Commission had the authority to either raise or lower Schneiter's property value. Thus, the Commission's determination that it lacked the authority to increase Schneiter's property value because the Board did not give Schneiter notice that the property value might increase was incorrect.

■ Finally, Schneiter claims that because the Board asked for a reaffirmation, not an increase of the Board's prior assessment of the properties, the Commission had no authority to raise Schneiter's property taxes. Relying on *Chevron U.S.A., Inc., v. Utah State Tax Commission*, 847 P.2d 418 (Utah Ct.App.1993), Schneiter asserts that the Commission could not consider increasing the valuation of Schneiter's property, because the Commission would be raising and deciding an issue not presented by either party. *Chevron* is distinguishable from the instant case because the issue there was the method of valuation, not the value itself. *Id.* at 420–21. The *Chevron* court held that because neither party raised the issue of the specific method of valuation, the Commission

could not raise and decide that issue itself. *Id.* In contrast to *Chevron*, the issue here is the assessed value of Schneiter's property. The issue of value was raised first when Schneiter challenged the assessor's valuation and again when Schneiter appealed the Board's decision to the Commission. Thus, unlike *Chevron*, the Commission could not have been addressing a new issue sua sponte. The Commission was entitled to rule on precisely the issue Schneiter presented.

## CONCLUSION

In assessing the value of Schneiter's property, the Commission failed to give adequate consideration to the Board's new appraisal. Because the Commission has the authority to consider additional evidence and make any change or correction to the Board's decision, the Commission's partial consideration of the appraisal was inadequate. We therefore reverse and remand the Commission's decision so the Commission can conduct a proper review of the Board's decision.

Reversed and remanded.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.